IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY /W/ D.C.

2005 SEP -8 PM 4:05

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.    Cr. No. 04-20400-D

CLYDE ARMSTEAD,

    Defendant.

MOTION TO REOPEN PROOF

COMES NOW the defendant, Clyde Armstead, by and through counsel, and respectfully moves this Honorable Court to reopen the proof in the sentencing of the defendant and would state and show the following to this Court:

The sentencing hearing for the above referenced matter was held on this date. Counsel for the defendant objected to the conviction of attempted child abuse being used to enhance the defendant's base offense level from 14 to 20. Upon further review of the judgment and statute, it is clear that the crime of child abuse is not necessarily a felony (attached please find the relevant statute). Using the categorical approach, the defendant's base offense level should be 14.

Conclusion

Defendant respectfully requests for the Court to allow defense counsel to reopen proof and allow her to put these matters before the District Court.

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _____

**MOTION DENIED**
DATE: 9-22-2005

BERNICE BOUIE DONALD
U.S. DISTRICT JUDGE

Respectfully submitted,

MARY C. JERMANN
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, TN 38103
(901) 544-3895

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been forwarded to Ms. Katrina Earley, Assistant U.S. Attorney, 167 N. Main, Suite 800, Memphis, TN 38103, this 7 day of September, 2005.

MARY C. JERMANN

regularly had sexual relations with father over a period of two years and that she had told no one, not even her mother, there was no reasonable doubt that she was an accomplice so that her testimony alone was not sufficient for a conviction under former law. Scott v. State, 207 Tenn. 151, 338 S.W.2d 581 (1960).

Conviction for incest was reversed where based on uncorroborated testimony of daughter who was held to be an accomplice under former law because of her willing participation in the incestuous relationship. Henley v. State, 489 S.W.2d 53 (Tenn. Crim. App. 1972).

### 6. Marriages.

Former provisions were expressive of settled public policy in this state regarding public morals and good order in society and a marriage entered into in violation of the statute was void in Tennessee regardless of whether the marriage was entered into in Tennessee or in another state where the marriage would be valid. Rhodes v. McAfee, 224 Tenn. 495, 457 S.W.2d 522 (1970).

### 7. Carnal Knowledge.

"Carnal knowledge" or "sexual intercourse" exists in a legal sense if there is the slightest penetration of the sexual organ of the female by the sexual organ of the male and it is not necessary that the vagina be entered or the hymen ruptured, the entering of the vulva or the labia being sufficient. McDonald v. State, 512 S.W.2d 636 (Tenn. Crim. App. 1974).

### 8. Multiple Offenses.

Episodes of incest with defendant's two daughters were not one offense as matter of law where the defendant testified at a post-conviction hearing that the two daughters were not together on all of the occasions, and where the factual basis for the two charges was further lawfully established by two guilty pleas. Summerlin v. State, 607 S.W.2d 495 (Tenn. Crim. App. 1980).

### 9. Included Offenses.

The sexual conduct statute and the incest statute created separate and distinct offenses; neither offense was included in the other and either offense could be committed without committing the other. State v. Martin, 634 S.W.2d 639 (Tenn. Crim. App. 1982).

A single act of intercourse may violate two distinct statutory provisions, one prohibiting incest and the other prohibiting aggravated rape. State v. Brittman, 639 S.W.2d 652 (Tenn. 1982).

### 10. Evidence.

A physician's testimony that it is possible for a five (5) or six (6) year old girl to have sexual intercourse was the opinion of an expert witness. Such evidence is to be given whatever weight and value the jury may determine. State v. Lockhart, 731 S.W.2d 548 (Tenn. Crim. App. 1986), overruled on other grounds, State v. Rickman, 876 S.W.2d 824 (Tenn. 1994).

### 11. —Sufficiency.

Evidence was sufficient to support conviction. State v. Lyon, 648 S.W.2d 957 (Tenn. Crim. App. 1982); State v. Watkins, 754 S.W.2d 95 (Tenn. Crim. App. 1988).

The defendant's admissions in his taped statement and during his testimony that he was the father of the young victim adequately established the legal relationship required to sustain a charge of incest. State v. Bloodsaw, 746 S.W.2d 722 (Tenn. Crim. App. 1987).

---

**Collateral References.** Consent as element. 36 A.L.R.2d 1299.

Incest as included within charge of rape. 76 A.L.R.2d 484.

Prosecutrix in incest case as accomplice or victim. 74 A.L.R.2d 705.

Recantation by prosecuting witness in sex crime as ground for new trial. 51 A.L.R.3d 907.

Sexual intercourse between persons related by half blood as incest. 34 A.L.R.5th 723.

Incest ⇐ 207.1-16.

PART 4—CHILDREN

**39-15-401. Child abuse and neglect.** — (a) Any person who knowingly, other than by accidental means, treats a child under eighteen (18) years of age in such a manner as to inflict injury or neglects such a child so as to adversely affect the child's health and welfare commits a Class A misdemeanor; provided, however, that if the abused or neglected child is six (6) years of age or less, the penalty is a Class D felony.

(b)(1) Any juvenile court having reasonable cause to believe that a person is guilty of violating this section shall have the person brought before the court either by summons or warrant. No arrest warrant or summons shall be issued

[Left column — partial text from binding edge:]

occasions, and where the two charges was further by two guilty pleas. 607 S.W.2d 495 (Tenn.

...ses.

...t statute and the incest :ate and distinct offenses; included in the other and e committed without com- ate v. Martin, 634 S.W.2d ). 1982).

ercourse may violate two ovisions, one prohibiting  r prohibiting aggravated an, 639 S.W.2d 652 (Tenn.

nony that it is possible for ear old girl to have sexual opinion of an expert wit- is to be given whatever he jury may determine. 1 S.W.2d 548 (Tenn. Crim. l on other grounds, State v. l 824 (Tenn. 1994).

:ient to support conviction. V.2d 957 (Tenn. Crim. App. ins, 754 S.W.2d 95 (Tenn.

admissions in his taped ng his testimony that he e young victim adequately l relationship required to incest. State v. Bloodsaw, n. Crim. App. 1987).

rosecuting witness in sex new trial. 51 A.L.R.3d 907. e between persons related st. 34 A.L.R.5th 723.

rson who knowingly, .teen (18) years of age uld so as to adversely sdemeanor; provided, ears of age or less, the

:lieve that a person is ught before the court umons shall be issued

by any person authorized to issue such a warrant or summons nor shall criminal charges be instituted against a child's parent, guardian or custodian for a violation of subsection (a) based upon the allegation that unreasonable corporal punishment was administered to such child unless the affidavit of complaint also contains a copy of the report prepared by the law enforcement official who investigated the allegation or independent medical verification of injury to the child.

(2)(A) If the person pleads not guilty, the juvenile judge shall have the power of a judge of the court of general sessions to bind the person over to the grand jury as in cases of misdemeanors under the criminal laws of this state. Upon being bound over to the grand jury, the person may be prosecuted on an indictment filed by the district attorney general and a prosecutor need not be named on the indictment.

(B) On a plea of not guilty, the juvenile court judge shall have the power to proceed to hear a case on its merits without the intervention of a jury if the person requests a hearing in juvenile court and expressly waives, in writing, indictment, presentment, grand jury investigation and jury trial.

(C) If the person enters a plea of guilty, the juvenile court judge shall sentence the person under this section.

(c) Except as expressly provided, the provisions of this section shall not be construed as repealing any provision of any other statute, but shall be supplementary thereto and cumulative thereof.

(d) A violation of this section may be a lesser included offense of any kind of homicide, statutory assault, or sexual offense if the victim is a child and the evidence supports a charge under this section. In any case in which conduct violating this section also constitutes assault, the conduct may be prosecuted under this section or under § 39-13-101. [Acts 1989, ch. 591, § 1; 1994, ch. 978, § 1; 1996, ch. 962, § 1; 1998, ch. 1040, § 2.]

**Cross-References.** Aggravated child abuse and neglect, § 39-15-402.
Binding defendant over to grand jury, Tenn. R. Crim. P. 5, 5.1.
Child abuse reports, title 37, ch. 1, part 4.
Failure to support child, part 1 of this chapter.
Juveniles, title 37, ch. 2.
Kidnapping children under 13, § 39-13-305.
Missing Children Recovery Act, title 37, ch. 10, part 2.
Penalty for Class A misdemeanor, § 40-35-111.
Penalty for Class D felony, § 40-35-111.
Selling or giving weapons to minors, § 39-17-1303.

**Section to Section References.** This section is referred to in §§ 36-6-101, 36-6-106, 37-1-103, 39-15-402, 40-13-104.

**Rule Reference.** This section is referred to in the text and Advisory Commission Comments of Rule 1 of the Tennessee Rules of Juvenile Procedure.

**Textbooks.** Tennessee Criminal Practice and Procedure (Raybin), § 7.1.

**Law Reviews.** The Trexler Saga: Hale & Middlebrooks (Gary R. Wade), 23 Mem. St. U.L. Rev. 319 (1993).

**Attorney General Opinions.** Jurisdiction of juvenile courts over misdemeanors of child abuse and neglect and contributing to delinquency, OAG 93-24 (3/29/93).
Cocaine use by pregnant woman, OAG 95-023 (3/27/95).

**Cited:** State v. Jones, 953 S.W.2d 695 (Tenn. Crim. App. 1996); State v. Roberson, 988 S.W.2d 690 (Tenn. Crim. App. 1998); State v. Burns, 6 S.W.3d 453 (Tenn. 1999); State v. Hodges, 7 S.W.3d 609 (Tenn. Crim. App. 1998); State v. Burns, 29 S.W.3d 40 (Tenn. Crim. App. 1999); Holeman v. Holeman, — S.W.3d —, 2002 Tenn. App. LEXIS 756 (Tenn. Ct. App. Oct. 24, 2002); State v. Wooster, — S.W.3d —, 2002 Tenn. Crim. App. LEXIS 253 (Tenn. Crim. App. Mar. 18, 2002); State v. Powell, — S.W.3d —, 2002 Tenn. Crim. App. LEXIS 564 (Tenn. Crim. App. July 9, 2002); State v. Wood, — S.W.3d —, 2002 Tenn. Crim. App. LEXIS 669 (Tenn. Crim. App. Aug. 7, 2002); State v. Dykes, — S.W.3d —, 2002 Tenn. Crim. App. LEXIS 684 (Tenn. Crim. App. Aug. 16, 2002); State v. Maze, — S.W.3d —, 2002 Tenn. Crim. App. LEXIS 686 (Tenn.

# IN THE CRIMINAL COURT OF SHELBY COUNTY, TENNESSEE

Case Number: 93-02399  Count #: _____
Judicial District: 30th  Judicial Division: III
94-02399 (gnu)
State of Tennessee
vs.
Defendant: CLYDE ARMSTEAD
Date of Birth: 3/4/74  Sex: M  Race: B
From Indictment #: 93-02399  Warrant #: _____
94-02399 (gnu)

Attorney for the State: Lamorey
Counsel for Defendant: Kuhn
☐ Retained  ☐ Appointed  ☒ Public Defender

Alias: _____
SS#: [redacted]
TDOC #: _____

## JUDGMENT

Comes the District Attorney General for the State and the defendant with counsel of record for entry of judgement.
On the 12 day of Dec, 1994, the defendant:

☒ Pled guilty

Is found:
☐ guilty  ☐ not guilty
☐ jury verdict  ☐ not guilty by reason of insanity
☐ bench trial
☐ nolo contendere

Indictment: Class (circle one): 1st A (B) C D E  ☒ Felony  ☐ Misdemeanor
Offense: AGGRAVATED CHILD ABUSE
Amended Charge: _____
Offense date: 1/8/94  County: SHELBY
Conviction offense: ATTEMPTED CHILD ABUSE
TCA #: 39-15-401  Sentence-imposed date: 12/12/94
    39-12-101
Conviction class (circle one): 1st A B C D (E)  ☒ Felony  ☐ Misdemeanor

After considering the evidence, the entire record, and all factors in T.C.A. Title 40, Chapter 35, all of which are incorporated by reference herein, the Court's findings and rulings are:

☒ Sentence Reform Act of 1989
  ☐ Mitigated 20%
  ☐ Mitigated 30%
  ☒ Standard 30% Range I
  ☐ Multiple 35% Range 2
  ☐ Persistent 45% Range 3
  ☐ Career 60%  ☐ Multiple Rapist
  ☐ 1st Degree Murder  ☐ Child Rapist
  ☐ Repeat Violent Offender

☐ Pre 1982 Sentence: _____
  ☐ 1st Degree Murder

☐ Sentence Reform Act of 1982
  ☐ 30% Range 1
  ☐ 35% Range 2
  ☐ 40% Range 2
  ☐ 1st Degree Murder

Concurrent with:
93-02400
94-02400 (gnu)

Consecutive to:
_____

Sentenced to:  Sentence Length:
☐ TDOC  ___ Years ___ Months ___ Days ___ Life ___ Life without Parole ___ Death
☐ Regional Workhouse  ___ Years ___ Months ___ Days
☒ County Jail  ___ Years ___ Months ___ Days ___ Hours ___ Week-ends ___ Periodic:(___)
___ % min. svc. prior to program or work release  ___ % min. svc. prior to release (Misdemeanor only)
☒ Workhouse  2 Years ___ Months ___ Days ___ Hours ___ Week-ends ___ Periodic:(___)
___ % min. svc. prior to program or work release  ___ % min. svc. prior to release (Misdemeanor only)
☐ Work Release  ___ Years ___ Months ___ Days ___ Hours ___ Week-ends
☐ Probation  ___ Years ___ Months ___ Days  Effective: _____
☐ Community Based Alternative  ___ Years ___ Months ___ Days ___ Hours ___ Week-ends
Specify: _____

Pretrial Jail Credit Period: from 3/22/94 to 5/17/94 from 1/1/95 to 1/25/95 or Number of Days: 60

Court Ordered Fees and Fines:
$ 50.00  Criminal Injuries Compensation Fund
$ _____  Supervision
$ _____  Child Support
$ _____  Court Costs
$ 500.00  FINE ASSESSED
The costs of this cause is assessed against the Defendant

Restitution:
Victim Name: _____
Address: _____
Total Amount $ _____  $ _____ per month
☐ Unpaid Community Service: ___ Hours ___ Days ___ Weeks ___ Months

☒ The Defendant having been found guilty is rendered infamous.

Special Conditions:

A TRUE COPY ATTEST
DATE 12.12.03
NAME [signature]
CRIMINAL COURT CLERK

AMENDED 9-12-95

1-26-95

John P. Colton, Jr.
Judge

ORIGINAL - CRIMINAL COURT CLERK
COPY - TN DEPT. OF CORRECTION - MIS-SMS
COPY - SENTENCING COMMISSION
COPY - JAIL

[REVISED 6/16/94]

Attorney for State Signature (optional)
Defendant's Signature: Clyde Armstead

Judge's Signature
Date of Entry of Judgment

Defendant's Attorney/Signature (optional)

Date: _____

026

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 61 in case 2:04-CR-20400 was distributed by fax, mail, or direct printing on September 23, 2005 to the parties listed.

Mary Catherine Jermann
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Katrina U. Earley
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT